# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| HENRY JAMES | CIVIL ACTION NO. 08-0646 |
|---|---|
| VERSUS | JUDGE DOHERTY |
| SERGEANT RICHARDSON, ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* by *pro se* plaintiff, Henry James, on May 9, 2008, pursuant to 42 U.S.C.§1983.[1] Plaintiff, a former Louisiana Department of Corrections (LDOC) inmate, was released from custody on May 18, 2007. However, at all times relative to the actions made the basis of this suit, plaintiff was incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff alleges his civil rights were violated while incarcerated at CPP, and he names the following as defendants: Sgt. Richardson; R. Darin Davis; Johnny R. Smith; Robert Y. Henderson; Linda Ramsay; DOC Secretary Richard Stalder; Master Sgt. Pousson; D. Gene Wilson; Bryan Wilson; JoAnn Peshoff; Master Sgt. Bennett; Dennis Cloud; Sgt. Chapell; and Jim Rogers.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing

---

[1] Plaintiff herein has previously filed over ten lawsuits in the Western, Middle and Eastern District Courts of Louisiana. The majority of these cases have been civil rights matters, and at least four of those civil rights suits have been dismissed as frivolous. Further, on April 6, 1999, this plaintiff was denied *in forma pauperis* status pursuant to the "three strike" rule se out in 28 U.S.C. §1915(g) in a civil rights claim filed in the Eastern District of Louisiana in the matter entitled *Henry L. James, Jr. v. J. Taylor, et al.*, 99-cv-848. [Doc. #2].

orders of the court.

## **STATEMENT OF THE CASE**

The claims made the basis of plaintiff's suit encompass a two year period from 2003 through 2005. Plaintiff's complaints begin shortly after his October 2003 arrival at CPP. He first complains about over-the-counter medication that was taken from him in a shake-down. He goes on to allege, among other claims, verbal abuse, retaliation, poor work and living conditions, being fed moldy food, harassment, interference with his legal work and papers, being looked at lustfully by one of the defendants, not being allowed to know one of his court dates, and filing of false disciplinary reports. Plaintiff's final complaint involves a November 7, 2005 disciplinary hearing in which he states that he was found guilty and sentenced to 10 days DDI (sleeping 12 hours a day without a mattress), and a custody change to a maximum security working cellblock. His appeal of the ruling was denied, and he was transferred to Rayburn Correctional Center, maximum security.

As a result of the above actions, plaintiff claims that he suffered mental anguish, humiliation, loss of funds, and physical abuse and ailments (such as head colds and hemorrhoids). He alleges that defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. By this action, plaintiff seeks compensatory and punitive damages due to the alleged mental, physical, and emotional injuries that he suffered.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1915, plaintiff was granted *in forma pauperis* status by an order of this court dated May 15, 2008. [Doc. #3]. That section imposes a screening responsibility on the district court and requires the court to dismiss the complaint without service of process at any time when the Court makes a determination that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations", those claims are properly dismissed as frivolous. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999). The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Therefore, the court applies Louisiana Civil Code article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While

the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).

In this case, plaintiff complains of actions which occurred between 2003 and 2005. Plaintiff's complaint, however, was not signed until May 7, 2008, some two and a half years after the date of his last alleged cause of action. As such, it is clear that all of plaintiff's claims are barred by the one year statute of limitations.

Indeed, plaintiff's final allegation concerns a disciplinary hearing that occurred on November 7, 2005, after which plaintiff states that he was transferred to Rayburn Correctional Center. Information obtained from the Louisiana Department of Corrections reveals that plaintiff's transfer to Rayburn occurred on November 21, 2005. Moreover, CPP's records show that plaintiff's appeal of his November 7, 2005 disciplinary hearing was denied by CPP Warden Henderson on December 15, 2005, and was thereafter denied by Secretary Stalder on March 1, 2006. Giving plaintiff the benefit of equitable tolling while the appeal was pending, plaintiff had, at the very latest, until March 1, 2007 in which to file his complaint about this incident.[2] Plaintiff's May 2008 complaint is clearly

---

[2] DOC records indicate that plaintiff's incarceration history is as follows: 9/15/03-Hunt Correctional Center; 10/20/03-CPP; 11/21/05 Rayburn Correctional Center; 9/18/06-work release program at Cinc in Lake Charles, LA.; 3/16/07-sent back to CPP; 3/19/07-Hunt Correctional Center; 5/18/07-released from DOC custody.

untimely.

Because all of plaintiff's claims are barred by the statute of limitations, this action is frivolous as a matter of law. Accordingly;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79**

F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED,** in Chambers, in Lafayette, Louisiana, this 6th day of November, 2008.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE